NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN DANKO, III, *Plaintiff/Appellant*,

*v.*

KATHRINE ANN PY WAINSCOTT, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0534
FILED 8-22-2023

Appeal from the Superior Court in Maricopa County
No. CV2022-091377
The Honorable Stephen M. Hopkins, Judge *Retired*

**AFFIRMED**

COUNSEL

John Danko III, Mesa
*Plaintiff/Appellant*

Lewis Brisbois Bisgaard & Smith LLP, Phoenix
By Sean P. Healy, Adam S. Polson
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Daniel J. Kiley joined.

---

**P E R K I N S**, Judge:

¶1        John Danko III appeals the superior court's dismissal of his complaint against Katherine and James Wainscott and Bloodhound Investigative Services, Inc. (collectively, "the Wainscotts"). We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Danko sued the Wainscotts and several other defendants who are not parties in this appeal. He alleged that the defendants committed intentional torts against his person and property, broke into and entered his home on multiple occasions, stole his mail and garbage, illegally recorded Danko at his home, made false and degrading statements against him, and continuously harassed him. Danko alleged generally that these events occurred in Maricopa County, and that the defendants conduct business in the state. His complaint did not include supporting documentation.

¶3        The Wainscotts moved to dismiss Danko's complaint for lack of personal jurisdiction. *See* Ariz. R. Civ. P. 12(b)(2). They argued Danko's allegations are "completely false and there has been no injury or such an event occurring in Arizona or elsewhere."

¶4        In her attached declaration, Katherine stated the Wainscotts are residents of South Carolina and owners of Bloodhound, a Georgia corporation doing business in South Carolina. She asserted that the couple does not live in or conduct business in Arizona, does not own any real or personal property in Arizona, has never been to Danko's Arizona home, and never committed any of the alleged activities in Danko's complaint.

¶5        Katherine also contended her only interaction with Danko was in July 2018, after an attorney hired her to serve Danko at a residence in Mount Pleasant, South Carolina, with family court documents. Upon service, Katherine stated, Danko became "irate" and shoved her, causing her to fall to the ground and sustain injuries.

¶6        In response to the Wainscotts' motion, Danko alleged the couple conducted business in Arizona and "did stalk, harass, threaten,

batter, and assault [Danko], all of which occurred in Arizona," and thus the exercise of personal jurisdiction is proper. In his supporting declaration, Danko asserted that the "Wainscotts and three members of Bloodhound" broke into his home, assaulted him, stole some of his property and damaged other property, and committed other wrongful acts at his home. Danko also attached several exhibits to his response, including pictures of a broken mailbox at a South Carolina address.

¶7 Having considered the parties' declarations and exhibits, the superior court converted the motion to dismiss to a motion for summary judgment. The court found Danko's allegations were "conclusory" and failed to establish that the Wainscotts have sufficient minimum contacts with the state for jurisdictional purposes. The court granted the Wainscotts' motion, ruling that they "did not perform an act within Arizona, and cannot be seen to have 'Arizona-related' activities merely because [Danko] is a resident of Arizona," and thus the exercise of personal jurisdiction under these facts would be "manifestly unreasonable."

¶8 Danko moved for reconsideration and, for the first time, requested an evidentiary hearing, which the superior court denied. The court ultimately entered a signed judgment under Ariz. R. Civ. P. 54(c), dismissing Danko's complaint. Danko timely appealed, and we have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶9 Danko argues the Wainscotts had sufficient minimum contacts with Arizona necessary to support personal jurisdiction. We review the superior court's personal jurisdiction conclusions *de novo*, *Beverage v. Pullman & Comley, LLC*, 232 Ariz. 414, 417, ¶ 10 (App. 2013), "viewing the facts in the light most favorable to [Danko] but accepting as true the uncontradicted facts put forward by [the Wainscotts]," *Planning Grp. of Scottsdale, L.L.C. v. Lake Mathews Mineral Props., Ltd.*, 226 Ariz. 262, 264, ¶ 2 n.1 (2011).

¶10 Arizona courts may exercise personal jurisdiction over litigants "to the maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a); *Planning Grp.*, 226 Ariz. at 265, ¶ 12. Personal jurisdiction may be general or specific. *Planning Grp.*, 226 Ariz. at 265, ¶ 13. General jurisdiction "extends to any and all claims brought against a defendant," but "[o]nly a select set of affiliations with a forum will expose a defendant to such sweeping jurisdiction." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017,

1024 (2011). The record contains no evidence showing the Wainscotts had any contacts so "continuous and systematic as to render [them] essentially at home" in Arizona. *Wal-Mart Stores, Inc. v. LeMaire*, 242 Ariz. 357, 359, ¶ 4 (App. 2017).

¶11 Specific jurisdiction "exists only for the particular claim asserted" and only when the defendant's "activities in the forum state giving rise to the claim establish the necessary minimum contacts with the state to make the exercise of jurisdiction reasonable and just." *Hoag v. French*, 238 Ariz. 118, 122, ¶ 19 (App. 2015). Specific jurisdiction requires "sufficient contacts" demonstrating (1) purposeful conduct by the defendant targeting the forum, rather than accidental or casual contacts or those brought about by the plaintiff's unilateral contacts, (2) a nexus between those contacts and the claim asserted, and (3) that exercise of jurisdiction would be reasonable. *See Planning Grp.*, 226 Ariz. at 265–70, ¶¶ 13, 16, 25, 29, 37; *Williams v. Lakeview Co.*, 199 Ariz. 1, 4, ¶ 11 (2000). Courts may only exercise specific jurisdiction if the defendant's activities in the forum state are related to the plaintiff's cause of action. *Id.*

¶12 The record contains no evidence showing the Wainscotts ever directed business activity toward Arizona, visited Danko's Arizona home, or committed an injury here. "[I]t is not enough that a defendant know that he is dealing with an Arizona resident then located in another state; the requisite activity must instead be purposefully directed at the forum." *Planning Grp.*, 226 Ariz. at 271, ¶ 41. And specific jurisdiction is not warranted based on facts arising from Danko's conduct. *Williams*, 199 Ariz. at 3, ¶ 7.

¶13 In his complaint, Danko alleges that he resides in Maricopa County and that the incidents occurred at his home. But he makes no assertion in his sworn declaration that the incidents occurred at his Arizona home. His unsworn statements regarding his current residency are insufficient to controvert the facts alleged in Katherine's declaration denying that the Wainscotts engaged in business or committed any tortious act in Arizona. *See McCleary v. Tripodi*, 243 Ariz. 197, 201, ¶ 21 (App. 2017) ("unsworn and unproven assertions of fact are insufficient" to defeat summary judgment); *GM Dev. Corp. v. Community Am. Mortg. Corp.*, 165 Ariz. 1, 6 (App. 1990) (affirming summary judgment where the non-moving party's affidavit in opposition to the motion did not "controvert the prima facie showing established in the affidavits supporting" the moving party's motion, and the non-moving party's "written response" to the motion "contains unsworn, unproven, and somewhat argumentative statements of fact").

4

¶14 Danko also argues that he has been deprived of the opportunity to present evidence at a hearing, but he submitted numerous exhibits, which the superior court considered. He fails to identify any new or different evidence supporting jurisdiction that he would have provided during a hearing. He did not request an evidentiary hearing until after the court had granted the Wainscotts' motion, and so his belated request was untimely.

¶15 Because the Wainscotts challenged personal jurisdiction, Danko cannot merely rest on the bare allegations in his complaint; he "must come forward with facts, established by affidavit or otherwise, supporting jurisdiction." *In re Marriage of Peck*, 242 Ariz. 345, 348, ¶ 7 (App. 2017). He failed to do so. The superior court did not err in dismissing the complaint for lack of personal jurisdiction.

¶16 Both parties request legal fees incurred on appeal pursuant to ARCAP 21. Danko asserts the Wainscotts' motion to dismiss is frivolous. We disagree and deny his request.

¶17 The Wainscotts cite to A.R.S. §§ 12-341 and 12-341.01 as substantive authority for their fee award, but there is no contract at issue here supporting an award under A.R.S. § 12-341.01. We deny the Wainscotts' request because they failed to specifically state the appropriate authority for their fees. *See* ARCAP 21(a)(2). As the prevailing party, the Wainscotts are entitled to their taxable costs upon compliance with ARCAP 21.

## CONCLUSION

¶18 We affirm.

